IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RANDY L. GREENE | * | |
|     *Plaintiff* | * | |
| v. | * | Case No: 1:13-cv-00653-MLG |
| YRC, INC. | * | |
|     *Defendant* | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Randy L. Greene, Plaintiff, by John B. Stolarz, his attorney, responds to the Motion to Dismiss filed the Defendant, and says:

**A.  Introduction.**

1. Plaintiff has alleged an unlawful interference with his rights under the Family Medical Leave Act FMLA.  To make out a prima facie case of interference under the FMLA, 29 U.S.C. § 2617, an employee must first "prove that he was afflicted with an FMLA-qualifying condition, because otherwise he did not have any right under the Act with which his employer could have interfered." *Rhoads v. F.D.I.C.*, 257 F.3d 373, 384 (4th Cir. 2001).  The employee then must show (1) "that the employer violated § 2615 by interfering with, restraining, or denying his or her exercise of FMLA rights;" and (2) that "the employee has been prejudiced by the violation." *Ragsdale v. Wolverine World Wide, Inc.,* 535.[1]

2.  In its motion, Defendant does not dispute that the Plaintiff was an eligible employee or that the employer was covered by the statute.  Defendant contends that

---

[1] U.S. 81, 122 S.Ct. 1155, 152 L.Ed.2d 167 (U.S. 2002); see *Reed v. Buckeye Fire Equip.*, 241 Fed. Appx. 917, 924 (4th Cir.2007); *Edgar v. JAC Prods., Inc* 443 F.3d 501, 507 (6th Cir.2006).

1

Plaintiff's complaint fails to allege a "serious health condition," within the meaning of 29 U.S.C. § 2611(11), and that the complaint fails to set forth sufficient facts to show that the Plaintiff gave the employer adequate notice that he required FMLA leave.[2]

---

[2] The Collective Bargaining Agreement (CBA) which is applicable to the Plaintiff's employment with Defendant YRC, Inc. is entitled "The National Master Freight Agreement and Maryland-District of Columbia Supplemental Agreement," incorporates the FMLA provisions, almost verbatim, in Article 38, Section 3:

**Section 3. Family and Medical Leave Act**

All employees who worked for the Employer for a minimum of twelve (12) months and worked at least 1250 hours during the past twelve (12) months are eligible for unpaid leave as set forth in Family and Medical Leave Act of 1993.

Eligible employees are entitled to up to a total of 12 weeks of unpaid leave during any twelve (12) month period for the following reasons:

1. Birth or adoption of a child or the placement of a child for foster care;

2. To care for a spouse, child or parent of the employee due to a serious health condition;

3. A serious health condition of the employee.

The employee's seniority rights shall continue as if the employer had not taken leave under this Section, and the Employer will maintain health insurance coverage during the period of the leave.

The Employer may require the employee to substitute accrued paid vacation or other paid leave for part of the twelve (12) week leave period.

The employee is required to provide the employer with at least thirty (30) days advance notice before FMLA leave begins if the need for leave is foreseeable. If the leave is not foreseeable, the employee is required to give notice as soon as practicable. The Employer has the right to require medical certification of a need for leave under this Act. In addition, the Employer has the right to require a second (2nd) opinion at the Employer's expense. If the second opinion conflicts with the initial certification, a third opinion from a health care provider selected by the first and second opinion health care providers, at the Employer's expense may be sought, which shall be final and binding. Failure to provide certification shall cause any leave

3. In ruling on a motion to dismiss, the court presumes that all well-pleaded allegations are true, resolved all reasonable doubts and inferences in the pleader's favor, and views the pleadings in the light most favorable to the non-moving party. *Fitzgerald v. Barnstable School Comm.*³

**B.    Plaintiff Has Amended His Complaint to Allege That He Experienced Chest Pain and Pressure, Severe Stress, and Anxiety on October 26, 2012, Which Constitutes a "Serious Health Condition," Within the Meaning of 29 U.S.C. § 2611(11)**.

4. The Plaintiff has amended his complaint, pursuant to FED. R. CIV. P. 15(a) to describe the chest and stomach pain and pressure, severe stress and anxiety which he experienced on October 26, 2012:

> ¶ 3    Dr. Carl E. Brago, the Plaintiff's primary care physician has been treating the Plaintiff for high blood pressure for about 2 years. As of October 26, 2012, Plaintiff was already taking two blood pressure medications, and one for cholesterol, previously prescribed by Dr. Brago. Prior to this event, the Plaintiff visited Dr. Brago approximately every three months to monitor his high blood pressure and medical condition.
>
> ¶ 5    When he arrived at work on October 26, 2012, Plaintiff questioned Gary Chapman, his supervisor, who is African American, about a pay shortage. After a discussion of about 15 minutes, Gary Chapman became very angry and hostile toward the Plaintiff, which caused the Plaintiff to experience pain and pressure in the chest, stomach pains, severe stress and anxiety resulting, and shaking of the hands.
>
> ¶ 6.   After meeting with Gary Chapman, the Plaintiff proceeded to prepare his truck for an out of state, long distance, delivery. As he was doing so, the Plaintiff's pressure in the chest, stomach pain, stress and anxiety did not abate.

---

taken to be treated as an unexcused absence.
Ex. 1.

³ 55 U.S. 246, 249, 129 S.Ct. 788 (2009); *Lambeth v. Board of Commr's of Davidson County, NC,* 407 F.3d 266, 268 (4th Cir., 2005).

¶ 7.  Because Plaintiff believed that his medical condition impaired his ability to drive, Plaintiff, in compliance with 49 CFR § 392.3, asked John Reed, another employee, to inform his supervisor, Gary Chapman, that Plaintiff was having pain and pressure in the chest, stress and anxiety, and that his medical condition substantially impaired his ability to begin and continue the scheduled long distance delivery, and that he was going home and seeking medical treatment. About 7 minutes later, Plaintiff telephoned his supervisor, Gary Chapman, and advised him that Plaintiff was feeling pain and pressure in his chest and a lot of stress and anxiety, and did not feel medically able to drive a commercial vehicle, that he was going home to obtain medical treatment with his primary care physician, and that he would have a doctor's note for him.

¶ 8.  Plaintiff went straight home and made an appointment with Carl E. Brago, M.D. his primary care physician for later the same day. Dr. Carl E. Brago examined the Plaintiff later that day, determined that his blood pressure was elevated and recommended that the Plaintiff take one week off from work. Documentation from the physician was faxed over to Gary Chapman, Plaintiff's supervisor, later that day.

5. Plaintiff's chest pains and pressure, high blood pressure, period of incapacity of one week, and visits to Plaintiff's primary care physician every three months, qualifies as a "serious health condition" within the meaning of 29 U.S.C. § 2611(11). *Oswalt v. Sara Lee Corporation.*[4]

**C. Defendant's Claim That it Received Inadequate Notice of the Need for FMLA Leave, Is Without Merit Because, the Notice Provided by the Plaintiff Was Sufficient to Put the Defendant on Notice That He Required FMLA Leave.**

6. In Section B of the motion, Defendant states that the Plaintiff failed to allege any facts that he provided sufficient notice of his intent to take leave. This contention is without merit because the allegations of the Amended Complaint show that the employer received sufficient notice of a serious health condition to put it on notice that FMLA leave was required.

---

[4] 74 F.3d 91, 93 5th Cir. 1996). See also, *Hayduk v. City of Johnstown, et al.,* 580 F. Supp. 2d 429, 466 (W.D. Pa 2008).

7.  Paragraph 7 of Plaintiff's Amended Complaint states that to he asked John Reed, a co-worker, to inform his supervisor, Gary Chapman, that Plaintiff was having pain and pressure in the chest and that his medical condition substantially impaired his ability to begin and continue the scheduled long distance delivery, and that he was going home and seeking medical treatment.  Paragraph 7 also states that about 7 minutes later, Plaintiff telephoned his supervisor, Gary Chapman, and confirmed that John Reed passed on the message and, again, advised Gary Chapman that Plaintiff was feeling pain and pressure in his chest and a lot of stress and anxiety, that did not feel medically able to drive a commercial vehicle, that he was going home to obtain medical treatment with his primary care physician, and that he would have a doctor's note for him.

8.  Plaintiff's notification of Gary Chapman through his co-worker and by telephone, is sufficient to place the Defendant on notice that the Plaintiff was experiencing a "serious health condition," within the meaning of 29 U.S.C. § 2611(11).  In *Johnson v. Dollar General*,[5] the employee left a voice mail message for employer, that employee had been to the doctor for chest pains and that the doctor told him to stay home over the weekend to get some rest.  The District Court for the Northern District of Iowa, concluded, on those facts, that a reasonable jury could find adequate and timely notice of employee's need for FMLA.

9.  To take advantage of the rights conferred by the FMLA, an employee must generally notify his employer of the need for qualifying leave at least 30 days before the leave is required, or as soon as practicable, after the need for leave is known. 29 CFR § 302.

10. When the need for leave is not foreseeable, as in this case, the regulations state that the employee should provide notice to the employer as soon as practicable under the circumstances. 29 CFR § 825.303(a)[6]

---

[5] No. C 11-3038, *46 (U.S. N.D. Iowa, 2012).

[6] 29 C.F.R. 825.300 through 825.305 (2012) are set out in the Addendum to Brief.

**D. Once the Plaintiff Advised the Employer That Medical Leave Was Needed, Defendant Was under a Responsibility to Inquire Further to Ascertain Whether it Is FMLA Leave That Is Being Sought and to Obtain Further Details.**

11. It is not necessary that the employee expressly assert rights under the FMLA, or even mention FMLA to the employer, but may only state that leave is needed. 29 C.F.R. § 825.302(c).

12. The Fourth Circuit confirmed this in *Rhoads v. Fed. Deposit Ins. Corporation*,[7] delineating, in the process, the respective responsibilities of the parties:

> "An employee is mandated to provide notice to her employer when she requires FMLA leave. Where the need for leave is unforeseeable, "an employee should give notice to the employer .. . as soon as practicable under the facts and circumstances of the particular case." [29 C.F.R.] § 825.303(a). At bottom, "[a]n employee shall provide at least verbal notice sufficient to make the employer aware that the employee needs FMLA-qualifying leave, and the anticipated timing and duration of the leave." Id. § 825.302(c). The employee, however, "need not expressly assert rights under the FMLA or even mention the FMLA, but may only state that leave is needed . . . ." Id. The employer should inquire further to ascertain whether it is FMLA leave that is being sought and to obtain further details of this leave. See id.
>
> An employer has discretion to require that an employee's leave request "be supported by a certification issued by the health care provider of the . . . employee[.]" 29 U.S.C.S 2613(a). " An employer must give written notice of a requirement for medical certification in a particular case . . . ." 29 C.F.R. S 825.305(a) (1993) (internal citation omitted)."

13. The holdings of other courts are consistent that once circumstances suggest that an employee may qualify for FMLA leave, the employer has the obligation of inquiring further into the matter.[8]

---

[7] 257 F.3d 373, 382-3 (4th Cir., 2000).

[8] *Spangler v. Fed. Home Loan Bank of Des Moines*, 278 F.3d 847, 853 (8th Cir. 2002) (When an employee provides the employer with notice that she may be in need of FMLA leave before the fact of the absence, it then becomes the employer's duty to determine whether or not the employee actually requires FMLA leave if there is some doubt as to whether or not the request would qualify); *Browning v. Liberty Mut. Ins. Co.,* 178 F.3d 1043, 1049 (8th Cir. 1999) (under the FMLA, the employer's duties are triggered when the

14. Employers who fail to provide specific written request for medical certification may not take any action against the employee for failure to provide medical certification. 29 C.F.R. 825.301(f).3 When the leave is not foreseeable and advance notice is not possible, the employer must allow at least fifteen days after its request for the employee to provide certification. 29 C.F.R. 825.305(b).

15. In the case at bar, Gary Chapman never questioned the need for leave, never questioned the note which the Plaintiff obtained from his physician, and did not request any more medical documentation.[9] Gary Chapman never requested any medical certification, as he was allowed to do under the regulations.

16. Later on the afternoon of October 26, 2012, Gary Chapman telephoned the Plaintiff and stated that he was treating the Plaintiff's leaving the premises, as a voluntary quit, on the part of the Plaintiff. Plaintiff understood this to mean that he was terminated and that he should not return to work. Gary Chapman did not discuss the note from Dr. Brago which was faxed to him, and did not request any additional medical documentation or certification pertaining to Plaintiff's medical condition. Defendant did not request any further medical documents or certification after that date.

**E.    Cases Cited by Defendant for Support of its Brief Are Inapposite.**

17. Defendant cites the case of *Rodriguez v. Smithfield Packing Co., Inc.*[10] for the proposition that the employee must "succeed in alerting" the employer of the seriousness of the health condition. But facts of that case differ materially from the case at bar. First, the employee in that case was not terminated on the day of the occurrence, but after the

---

employee provides enough information to put the employer on notice that the employee may be in need of FMLA leave); *Williams v. Shenango, Inc.*, 986 F.Supp. 309, 319 (W.D.Pa., 1997).

[9] The right to obtain medical certification from the employee is also contained in the CBA.

[10] 545 F. Supp.2d 508 (D. Md., 2008).

employee was out for about 9 days,[11] and after nine days, was only able to tell the employer that he was sick, and did not provide any information on when he would return to work.[12] Id., at 522.

18. The language of the *Rodriguez* case actually supports the Plaintiff's position, and is consistent with the *Rhoads* case, above, because, unlike Rodriguez, Plaintiff's leave was based upon an unforeseeable emergency:

> "When the need for FMLA is unforeseen, the Court's analysis of the adequacy of notice does not occur in a factual vacuum. Rather, the **regulations recognize that the circumstances of unforeseen leave sometimes may require the employer to follow up to determine whether FMLA leave is necessary**: The employee need not expressly assert rights under the FMLA or even mention the FMLA, but may only state that leave is needed. **The employer will be expected to obtain any additional required information through informal means**. The employee or spokesperson will be expected to provide more information when it can readily be accomplished as a practical matter, taking into consideration the exigencies of the situation. 29 C.F.R. § 825.303(b)." (Emphasis added).

*Rodriguez v. Smithfield Packing Co., Inc.*[13]

19. The case of *McCullough v. Prince Georges' County*,[14] also cited by Defendant, is inapposite. The only thing the Plaintiff told the employer in *McCullough* is that "he needed to

---

[11] Presumably 2 of those days were a weekend.

[12] In *Rodriguez*, the Plaintiff Rodriguez felt ill and left work early. All that she told her supervisors at Smithfield Packing Co., Inc. ("Smithfield") was that she was "sick" and that she was leaving for a previously scheduled doctor's appointment. She called Smithfield the next morning and left a message that she "couldn't go to work at the time being." Rodriguez then missed eight scheduled shifts without contacting her employer directly, asserting that she instead sent messages to her supervisors through co-workers informing them that she was "sick." The employer terminated the employee nine days after the employee began her leave. In ruling that there was no interference with the employee's FMLA rights, the court concluded that the information provided by the employee failed to inform the employer with sufficient information from which the employer could conclude that the illness might be a serious health condition or to forecast how long she would be out of work.

[13]  545 F. Supp.2d, at 516-7.

[14] 2010 WL 723979 (D. Md. 21010)

8

attend a medical appointment." In *Mondonedo v. FritoLay, Inc.*,[15] the Plaintiff never told the employer the nature of his illness. In contrast, the Plaintiff in this case advised Gary Chapman, his supervisor, that he was having chest and stomach pains and pressure, stress and anxiety, that was why he was going to his physician, and later, that his physician kept him off from work for one week.

20. Consequently, when the allegations of the Amended Complaint are viewed in the light most favorable to the Plaintiff, they set forth sufficient facts from which a reasonable jury could find adequate and timely notice of employee's need for FMLA.

### F.   Conclusion.

21. Based upon the foregoing, Plaintiff requests that the motion to dismiss be denied or, if granted, that the Plaintiff be granted leave to amend his complaint.

/s/
John B. Stolarz    Bar No. 1929
The Stolarz Law Firm
6509 York Road
Baltimore, MD 21212
(410) 532-7200

Attorney for Plaintiff

---

[15] 2012 U.S. Dist. LEXIS 64357 (D. Md. May 7, 2012).

9

**CERTIFICATE OF SERVICE**

  I hereby certify that on this March 28, 2013 a copy of the foregoing document was served through the Court's electronic filing system, on:

Crystal E. Barnes, Esquire
Bernard P. Jeweler, Esquire
Ogletree Deakins
1909 K Street, N.W.
Washington, DC 20006,

Attorneys for Defendant.

              /s/
              John B. Stolarz

              Attorney for Plaintiff